

1904-2004
**DuaneMorris**
100th Anniversary

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
DETROIT
BOSTON
WASHINGTON, DC
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
CHERRY HILL
HARRISBURG
BANGOR
PRINCETON
WESTCHESTER

MATT NEIDERMAN
DIRECT DIAL: 3026574920
E-MAIL  mneiderman@duanemorris.com

www.duanemorris.com

November 1, 2005

**VIA ELECTRONIC FILING AND HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 North King Street, Room 4209
Lock Box 27
Wilmington, DE 19801

    Re:    **Baxter v. Baxter, C.A. No 04-308 (JJF)**

Dear Judge Farnan:

    Enclosed is a proposed form of order for the return of Torin Baxter to Australia in the referenced action. Regrettably, the parties were unable to reach agreement as to an appropriate form of order, and the enclosed order therefore represents the version proposed by the Petitioner, Mr. Baxter. Although it appeared at the onset that the parties would be able to agree on a suitable form of order, differences arose which the parties ultimately were unable to resolve. The following is a brief discussion of the remaining points of dispute.

    1.    <u>The Date of Torin's Return</u>. The parties initially agreed that, with the inclusion of certain provisions to help ensure Torin's return, that Torin's return should occur in mid-December, as that timeframe was believed by counsel for the parties to be the end of Torin's current semester of school and would thus pose as little interruption as possible to Torin's school schedule. During discussions between counsel as to the form of the order, however, counsel for the Respondent informed us that Torin's semester did not in fact conclude until the end of January. The Respondent nonetheless suggested that the parties agree to a date for Torin's return in mid-December – a date prior to the end of Torin's semester. At the same time, the Respondent took issue with a paragraph of the proposed order submitted by Mr. Baxter, which provided that the Respondent is to cooperate in Torin's return and in no way take steps to interfere with his return. Specifically, the Respondent indicated that she would not agree to any provision that would prohibit her from taking separate legal action with the help of her Michigan attorney in an attempt to avoid or block the effectiveness of the Third Circuit's ruling.

DUANE MORRIS LLP

1100 NORTH MARKET STREET, SUITE 1200  WILMINGTON, DE 19801-1246    PHONE: 302.657.4900  FAX: 302.657.4901



The Honorable Joseph J. Farnan, Jr.
November 1, 2005
Page 2

      Because the parties now know that Torin's semester does not end until the last week of January and the parties agree that his semester will have to be interrupted for his return, we see no need to wait until mid-December. As 42 U.S.C. § 11602 makes clear, once the applicability of the Convention is established, the return of a child should be prompt. Weeks have already passed since the Third Circuit issued its ruling, and further delay is unnecessary and unwarranted, especially given that the Respondent apparently is attempting to use the delay as a *de facto* stay (to which she would not otherwise be entitled) of the Third Circuit's ruling while she pursues other avenues of legal redress.

      2.    <u>The Costs of Torin's Return</u>. Because the Respondent has claimed to lack the financial ability to bear the costs of Torin's return, we proposed in our draft order that Jody agree to provide a short sworn statement as to her financial position and a supporting document, such as a pay stub. The Petitioner would then have used that information to obtain financial assistance for Torin's return from the Australian Central Authority. However, the Respondent has refused to provide any information whatsoever, taking the position instead that she will offer no assistance because, as she alleges, the Petitioner has failed to provide any child support since the time the Respondent brought Torin to the United States. As a result of the Respondent's unwillingness to provide information necessary for the Petitioner to obtain financial assistance for Torin's return, we must insist that the Respondent bear the costs of the return, as mandated by 42 U.S.C. § 11607(b). Ironically, the financial information requested of the Respondent is likely the very same information she would have to provide to meet her burden of establishing that her bearing costs under § 11607(b)(3) would be "clearly inappropriate."

      Based on the foregoing, we respectfully request that the Court enter an order for Torin's return in the form attached hereto. We are available at the Court's convenience to discuss this matter.

Respectfully submitted,

Matt Neiderman

MXN/sb
Enclosure
cc:    Clerk of Court (*by hand*)
        Gerry Gray, Esq. (*by facsimile*)

WLM\212100.1