IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re the Application of

HENRY G. BAXTER,            :
                            :
        Petitioner,         :
                            :
    v.                      :    Civil Action No. 04-308-JJF
                            :
JODY AMANDA BAXTER,         :
                            :
        Respondent.         :

**ORDER DIRECTING RETURN OF MINOR CHILD
TO COUNTRY OF HABITUAL RESIDENCE**
(Pursuant to the International Child Abduction Remedies Act)

PETITIONER, having filed a petition for the return of his minor child to Australia pursuant to the Hague Convention On The Civil Aspects Of International Child Abduction, done at the Hague on October 25, 1980 (the "Convention") and the International Child Abduction Remedies Act, 42 U.S.C. 11601, et seq., IT IS HEREBY ORDERED as follows:

1.  Torin Baxter shall be returned in the company of his father Henry G. Baxter, on or about January 5, 2006, based on the availability of airline tickets, to the sovereign nation of Australia, and shall report to the appropriate Central Authority.

2.  Henry G. Baxter shall have the exclusive right to the physical and legal custody of Torin Baxter during the period of time required to return Torin Baxter to Australia, the country of Torin Baxter's habitual residence.

3.  Torin Baxter's passports and identification shall be delivered to counsel for the Respondent forthwith, who shall

deliver such items to Henry G. Baxter or his counsel prior to or at the time Torin Baxter is delivered to Henry G. Baxter's custody for Torin Baxter's return to Australia.

    4.    The Petitioner, Henry G. Baxter, shall be allowed unrestricted weekly telephone calls with Torin Baxter between the hours of 6:00 p.m. and 7:30 p.m. on each and every Sunday until Torin's return to Australia. Nothing in this paragraph shall prevent the parties from mutually agreeing to an alternative date and time for the Petitioner's weekly telephone call with Torin Baxter.

    5.    The Petitioner, Henry G. Baxter, shall forthwith provide to counsel for the Respondent and the Australian Central Authority his current contact information, including his current street address in Australia and his current telephone number. Counsel for the Petitioner shall provide such information to counsel for the Respondent no later than two weeks from the date of this Order.

    6.    The Petitioner, Henry G. Baxter, shall bear the costs of transporting Torin Baxter to Australia, subject to fifty-percent (50%) reimbursement, if it is determined at a later date that Respondent has the funds to make such a payment.

    7.    This Order is not in any manner a determination of the merits of any custody issues within the meaning of Article 19 of the Convention.

    8.    This Order is made under the Authority of 42 U.S.C.

11603(a), conferring upon this Court original and concurrent jurisdiction with other courts of the United States over matters brought pursuant to the Convention.

SO ORDERED this 22 day of November, 2005.

                                                    */s/ Joseph J. Farnan*
                                              UNITED STATES DISTRICT JUDGE