IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re the Application of

HENRY G. BAXTER,          :
                          :
        Petitioner,       :
                          :
  v.                      :   Civil Action No. 04-308-JJF
                          :
JODY AMANDA BAXTER,       :
                          :
        Respondent.       :

MEMORANDUM IN SUPPORT OF
THE COURT'S NOVEMBER 22, 2005 ORDER

Petitioner filed a Notice of Appeal (D.I. 36) dated November 28, 2005. Petitioner's Notice identifies two issues: (1) the date set for the return of the child, and (2) the ordering of Petitioner to initially bear the costs of the return of the child. This Memorandum is filed in accordance with Rule 3.1 of the Local Appellate Rules for the United States Court of Appeals for The Third Circuit.

### Background

The Court of Appeals issued its Mandate in the above-captioned action on October 11, 2005. The Court held a teleconference on October 20, 2005 with counsel, Matthew Neiderman for the Petitioner and Gerard Gray for the Respondent.

During the teleconference counsel advised the Court that they believed they could agree as to the terms of a return order. Counsel appeared to agree that the return of the child should occur at the end of the current school semester sometime in

December 2005. (Tr. of 10/20/05 Teleconference at 4.) Counsel for Petitioner appeared to also agree that Petitioner was willing to help assist with the costs associated with the return of the child. (Tr. of 10/20/05 Teleconference at 5-6.) Counsel for Respondent did raise a concern, however, regarding the whereabouts of Petitioner stating:

> The primary concern we have to my understanding, is that the father is no longer at the address that he was during the trial. We do not have a current address for him.

(Tr. of 10/20/05 Teleconference at 4.) At the end of the teleconference, the Court indicated that if disputes existed, the Court would resolve them. Counsel agreed to submit a proposed order by Friday, October 28, 2005.

The proposed order was not submitted to the Court by October 28, 2005. Instead, Petitioner submitted a letter with proposed order dated November 1, 2005. Petitioner's letter advised the Court of the disputes that remained unresolved between the parties. On November 10, 2005, Respondent submitted a letter with a proposed order which was different in its material terms than the proposed order submitted by Petitioner.

In their November letters and proposed orders, Petitioner and Respondent advised the Court that they did not agree on the cost issue. Respondent continued to advise the Court that she did not have the resources to pay for the child's return.

2

### The Return Date

The Court set a return date of "on or about January 5, 2006," believing it was reasonable in the circumstances presented by the parties. Specifically, the Court considered the following: (1) counsel had previously agreed to a return date in December at the end of the current school semester; (2) Petitioner's residence was not known and address information had to be produced and an opportunity given to Respondent and the Court to verify that information; and (3) the dispute concerning the cost of returning the child needed to be resolved prior to the return of the child, but the Court understood that Petitioner would initially secure transportation for the child. In sum, the Court set a date of return with some flexibility for Petitioner to make travel arrangements, to provide time for verification of Petitioner's location, and to allow time for a decision on the assessment of costs in connection with return of the child based on the representations of counsel regarding the cost issue during the October 20 teleconference and subsequent submissions.

### Cost of the Return of the Child

The preceding paragraphs are incorporated by reference with respect to the cost issue. In the November 22, 2005 Return Order the Court intended to address the cost issue in a manner that was consistent with the representations made by Petitioner and Respondent at the teleconference, specifically that Petitioner

3

was willing to contribute to the costs that would be incurred in returning the child. By indicating that such reimbursement would ultimately be determined "at a later date" the Court intended to hear the parties before January 5 to make a final determination with regard to the assessment of costs for the return of the child.

In sum, for the reasons discussed, the Court entered its November 22, 2005 Order for Return of the Child.

December 2, 2005
_____
DATE

_Joseph J. Farnan_
_____
JOSEPH J. FARNAN, JR.