

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
DETROIT
BOSTON
WASHINGTON, DC
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
CHERRY HILL
HARRISBURG
BANGOR
PRINCETON
WESTCHESTER

MATT NEIDERMAN
DIRECT DIAL: 3026574920
E-MAIL: mneiderman@duanemorris.com

*www.duanemorris.com*

December 5, 2005

**VIA ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 North King Street, Room 4209
Lock Box 27
Wilmington, DE  19801

      Re:    **Baxter v. Baxter, C.A. No 04-308 (JJF)**

Dear Judge Farnan:

      We write in response to the Court's invitation in its December 1, 2005 letter to provide the Petitioner's view on the status of the Court's November 22, 2005 Order pending the Petitioner's appeal of that Order. The Court indicated in its December 1 letter that it believes the provisions of the November 22 Order – including the provision for the return of the parties' minor child – to be stayed while the Petitioner's appeal is pending. The Petitioner respectfully submits, however, that there is no automatic stay of the Court's November 22 Order under the applicable rules, nor does a District Court have the authority to impose a stay unless such relief is sought and granted pursuant to a duly-filed and supported motion. The Petitioner offers the following authorities in support of his position.

      Under the Federal Rules of Civil Procedure, including this Court's Local Rules and the Third Circuit Rules, a civil judgment is not stayed pending appeal. Instead, a final judgment or order of a District Court may be stayed pending appeal only if a motion for a stay is sought and a factual showing is made to support a stay under the four factors enunciated by the United States Court of Appeals for the Third Circuit. *See, e.g.*, Fed. R. App. P. 8(a) ("A party must ordinarily move first in the district court for the following relief: (A) a stay of the judgment or order of a district court pending appeal"); Fed. R. Civ. P. 62(a) & (c); *Evans v. Buchanan*, 424 F. Supp. 875, 879 (D. Del. 1976) ("The party seeking the stay must show that: 1) it likely will prevail on the merits of the appeal; 2) it will suffer irreparable injury if the stay is denied; 3) other parties will not be substantially harmed by the stay and 4) that no harm will be done to the public interest."); *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991) (the factors for granting a stay pending appeal are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will



The Honorable Joseph J. Farnan, Jr.
December 5, 2005
Page 2

be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."). We did not find any rule, statute or other authority that holds or suggests that a civil judgment or order is stayed pending an appeal unless relief is granted on a duly-filed motion. We also did not find any provision of the Hague Convention or its implementing legislation that would alter the otherwise applicable rules governing stays.

The Petitioner deliberately refrained in this case from seeking a stay of the Court's November 22 Order pending his appeal and moved for expedition in the Third Circuit, recognizing that the appeal might not be resolved by the January 5, 2006 return date set by the Court. The Petitioner thus intends to continue to vigorously pursue his appeal on an expedited basis. However, assuming that the relevant portions of the Petitioner's appeal are not resolved by January 5, 2006, the Petitioner submits, based on the foregoing authorities, that the provisions of the Court's November 22 Order are in effect and that the parties' child must be returned in accordance with the Order, appeal notwithstanding.

We remain available at the Court's convenience should Your Honor have any questions concerning this matter.

                                                Respectfully submitted,

                                                /s/ Matt Neiderman
                                                MATT NEIDERMAN (I.D. No. 4018)

MXN/sb
cc:    Clerk of Court (*by e-filing*)
        Gerry Gray, Esq. (*by e-filing*)

WLM\212671.1